IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PELOTON INTERACTIVE, INC.,

                Plaintiff,

    v.

ECHELON FITNESS, LLC,

                Defendant.

Civil Action No. 19-cv-1903-RGA

MEMORANDUM OPINION

Michael Flynn, Anthony D. Raucci, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE; Steven N. Feldman, Christina V. Rayburn, Karen Younkins, Kevin X. Wang, Maxwell K. Coll, HUESTON HENNIGAN LLP, Los Angeles, CA;

    Attorneys for Plaintiff

Benjamin J. Schladweiler, GREENBERG TRAURIG, LLP, Wilmington, DE; Douglas R. Weider, James L. Ryerson, GREENBERG TRAURIG, Florham Park, NJ;

    Attorneys for Defendant

July 6, 2020

/s/ Richard G. Andrews
**ANDREWS, U.S. DISTRICT JUDGE:**

Before the Court is Defendant's Renewed Motion to Dismiss Plaintiff's Patent Infringement Claims. (D.I. 17). The Court has considered the parties' briefing. (D.I. 18, 19, 20).

**I.   BACKGROUND**

Plaintiff filed the instant suit on October 8, 2019 alleging that Defendant (a) infringes two of Plaintiff's patents, (b) infringes and dilutes Plaintiff's trademarks, and (c) has engaged in unfair competition and deceptive business practices. (D.I. 1). Plaintiff amended the complaint in January 2020 to assert a third, newly-issued, patent against Defendant. (D.I. 16). The patents in suit, which share a common specification, are U.S. Patent Nos. 10,022,590 ("the '590 patent"), 10,322,315 ("the '315 patent"), and 10,486,026 ("the '026 patent"). (*Id.*). The '590 patent is directed to a system of displaying live and archived cycling classes. ('590 patent, claim 1). The '315 patent is directed to a method of displaying live and archived exercise classes. ('315 patent, claim 1). The '026 patent is directed to a system for displaying computer-augmented, archived exercise classes. ('026 patent, claim 1). Defendant contends that claim 1 of the '315 patent is representative, but Plaintiff counters that it is not. (D.I. 18 at 6; D.I. 19 at 6 n.3). It may nevertheless be illustrative:

> 1. A method for displaying live and archived exercise classes comprising:
>
> displaying information about available live and archived exercise classes that can be accessed by a first user via a digital communication network on a display screen at a first location, wherein the first user can select either a live exercise class or select among a plurality of archived exercise classes; receiving a selection of one of the available live or archived exercise classes by the first user;
>
> outputting digital video and audio content comprising the selected exercise class at the first location to the first user;

1

>determining one or more performance parameters for the first user at the first location at a plurality of points in the selected exercise class;
>
>displaying at least one performance parameter for the first user at the first location on the display screen; and
>
>dynamically displaying one or more performance parameters for a second user at a second location on the display screen at the first location such that at least one of the performance parameters for the first user at the plurality of points in the selected exercise class and at least one of the performance parameters for the second user at the same points in the selected exercise class are presented for comparison on the display screen at the first location.

('315 patent, claim 1).

Defendant argues that the patents in suit are directed to patent ineligible subject matter under 35 U.S.C. § 101. (D.I. 18 at 1). Thus, Defendant seeks to dismiss Counts I, II, and III of Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (*Id.*).

## II.    LEGAL STANDARD

### A. 12(b)(6)

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").  Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

### B.  35 U.S.C. § 101

Patentability under 35 U.S.C. § 101 is a threshold legal issue. *Bilski*, 561 U.S. at 602. Accordingly, the § 101 inquiry is properly raised at the pleading stage if it is apparent from the face of the patent that the asserted claims are not directed to eligible subject matter. *See Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017), *cert. denied*, 138 S. Ct. 2621 (2018). This is, however, appropriate "only when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018).

Section 101 of the Patent Act defines patent-eligible subject matter. It provides: "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. The Supreme Court recognizes three categories of subject matter that are not eligible for patents—laws of nature, natural phenomena, and abstract ideas. *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014). The purpose of these exceptions is to protect the "basic tools of scientific and technological work." *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 71 (2012). "[A] process is not unpatentable simply because it contains a law of nature or a mathematical algorithm," as "an application of a law of nature or mathematical formula to a

3

known structure or process may well be deserving of patent protection." *Id.* (internal quotation marks and emphasis omitted). In order "to transform an unpatentable law of nature into a patent-eligible application of such a law, one must do more than simply state the law of nature while adding the words 'apply it.'" *Id.* at 72 (emphasis omitted).

In *Alice*, the Supreme Court reaffirmed the framework laid out in *Mayo* "for distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." 573 U.S. at 217. First, the court must determine whether the claims are drawn to a patent-ineligible concept. *Id.* If the answer is yes, the court must look to "the elements of the claim both individually and as an ordered combination" to see if there is an "inventive concept—*i.e.*, an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Id.* at 217-18 (cleaned up). "A claim that recites an abstract idea must include additional features to ensure that the claim is more than a drafting effort designed to monopolize the abstract idea." *Id.* at 221 (cleaned up). Claim elements that recite "well-understood, routine, and conventional activities previously" known to the industry "do not constitute an inventive concept." *Aatrix*, 882 F.3d at 1128 (cleaned up). *Alice* step two is therefore "satisfied when the claim limitations involve more than performance of well-understood, routine, and conventional activities previously known to the industry." *Id.* (cleaned up). Further, "the prohibition against patenting abstract ideas cannot be circumvented by attempting to limit the use of [the idea] to a particular technological environment." *Id.* at 222 (alteration in original) (quoting *Bilski v. Kappos*, 561 U.S. 593, 610-11 (2010)). Thus, "the mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention." *Id.* at 223.

"Whether a claim is drawn to patent-eligible subject matter under § 101 is an issue of law," and "is a matter of both claim construction and statutory construction." *In re Bilski*, 545 F.3d 943, 951 (Fed. Cir. 2008), *aff'd sub nom. Bilski v. Kappos*, 561 U.S. 593 (2010). "Claim construction is a question of law . . . ." *In re Nuijten*, 500 F.3d 1346, 1352 (Fed. Cir. 2007). At *Alice* step two, however, "[w]hether something is well-understood, routine, and conventional to a skilled artisan at the time of the patent is a factual determination." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1369 (Fed. Cir. 2018).

### III.   DISCUSSION

Defendant asserts that, at step one of the *Alice* inquiry, the patents in suit are directed to the abstract idea of making exercise classes available online. (D.I. 18 at 11). Defendant contends that exercise classes are a form of organizing human activity, which is a category of abstract ideas. (*Id.*). Defendant continues that the claims lack an "inventive concept" at the second step of the *Alice* inquiry because they do not claim something unconventional or more than an abstract idea. (*Id.* at 13, 15). Defendant argues that Plaintiff's amended complaint does not plausibly allege an inventive concept. (*Id.* at 17-20). Plaintiff counters that Defendant "oversimplifies" its inventions, which are not directed to an abstract idea. (D.I. 19 at 10). Plaintiff argues that its patents instead claim "significant, specific technological solutions to then-existing problems and tangible improvements over then-existing exercise technology." (*Id.* at 12). Further, Plaintiff argues that its amended complaint and the patents' shared specification "contain plausible and specific factual allegations that aspects of the claims are inventive." (*Id.* at 15-16).

Plaintiff's amended complaint plausibly pleads that the '590, '315, and '026 patents claim an inventive concept at *Alice* step two. Thus, I need not and do not decide whether the patents are directed to an abstract idea at *Alice* step one.

Plaintiff's amended complaint clearly alleges that the inventions of the '590 and '315 patents are improvements over prior art by providing a user networked access to both live and archived classes. (D.I. 16 at ¶ 50, 52; *see also* ¶¶ 3, 17, 23). Plaintiff also alleges in its amended complaint that the '590 and '315 patent claims incorporate "inventive concepts that were not well-understood, routine, or conventional at the time" of invention. (*Id.* at ¶ 48). For example, the amended complaint alleges that some claims teach ways of displaying performance parameters so that users of both live and archived classes can compete with one another. (*Id.* at ¶¶ 54-57). The amended complaint alleges that these functionalities were nonroutine and unconventional at the time of the invention and helped to solve the problem of "rider boredom." (*Id.*). Further, Plaintiff alleges that several claims teach the implementation of competitive performance parameters by time-synchronization mechanisms that were not well-understood, routine, or conventional at the time of the invention. (*Id.* at ¶ 58).

Plaintiff's amended complaint similarly alleges that the '026 patent "describes and claims concepts that were not well-understood, routine, or conventional" at the time of the patent. (*Id.* at ¶ 61). For example, it alleges that claims 1 and 11 of the '026 patent recite unconventional technological advancements over the prior art that synchronize performance parameters to simulate the feeling of live competition for the user of an archived class. (*Id.* at ¶¶ 62-63). The amended complaint also alleges that the dependent claims add additional inventive concepts and unconventional capabilities. (*Id.* at ¶ 64). One of these alleged functionalities is to "permit two people in different locations to take an archived class at the same time and to compete against

6

each other in real time, with their respective performance parameters being displayed to each other." (*Id.*). The amended complaint further alleges that claims 8 and 13 teach the display of the competitive performance parameters in an unconventional leaderboard. (*Id.* at ¶ 65). Plaintiff alleges that several claims "describe particular types of information to be displayed on the user interface, and the particular ways in which that information should be displayed," which were not well-understood, routine, or conventional at the time of the '026 patent. (*Id.* at ¶ 66).

Accepting the allegations in Plaintiff's amended complaint as true, Plaintiff has made "specific, plausible factual allegations about why aspects of its claimed inventions were not conventional." *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1317 (Fed. Cir. 2019). The fact that Plaintiff's amended complaint does not contain citations to the specification does not preclude my finding that the complaint plausibly alleges an inventive concept. *See id.* at 1317. The fact that the specification does not "expressly list all the reasons why this claimed [invention] is unconventional" is also of no relevance, because the claims of the patents at issue recite the aspects that Plaintiff alleges in the amended complaint make them inventive. *Id.* Therefore, I will not grant Defendant's motion to dismiss Counts I, II, and III of Plaintiff's amended complaint.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Renewed Motion to Dismiss Plaintiff's Patent Infringement Claims. (D.I. 17). An accompanying order will issue.