IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PELOTON INTERACTIVE, INC., :
:
          Plaintiff, :
:
v. : Civil Action No. 19-1903-RGA
: Consolidated
ECHELON FITNESS :
MULTIMEDIA LLC, et al., :
:
          Defendants. :

**MEMORANDUM ORDER**

    A couple of years ago, the Third Circuit was pretty clear as to what was required to seal a judicial record such as a complaint. There is a common law right of access to such records.

> Yet the common law right of access is "not absolute." The presumption [of access] is just that, and thus may be rebutted." The party seeking to overcome the presumption of access bears the burden of showing "that the interest in secrecy outweighs the presumption." The movant must show "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." The "strong presumption of openness does not permit the routine closing of judicial records to the public."
>     To overcome that strong presumption, the District Court must articulate "the compelling, countervailing interests to be protected," make "specific findings on the record concerning the effects of disclosure," and "provide[ ] an opportunity for interested third parties to be heard." "In delineating the injury to be prevented, specificity is essential." "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." "[C]areful factfinding and balancing of competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants." To that end, the District Court must "conduct[ ] a document-by-document review" of the contents of the challenged documents."

*In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672-73 (3d Cir. 2019) (citations omitted).

The Court further stated, "But we have repeatedly said that concern about a company's public image, embarrassment, or reputational injury, without more, is insufficient to rebut the presumption of public access." *Id.* at 676.

I now have before me the sort of dispute that *Avandia* was meant to address. Echelon filed a seventy-page document of amended counterclaims, including allegations of antitrust violations relating to monopolization. Peloton has submitted a one page letter attempting to justify numerous redactions littered throughout the pleading, in about forty separate paragraphs, with a color-coding system to indicate which redaction goes with which of its four categories of redactions. Many of the redactions are sought for the clearly improper purpose of attempting to avoid embarrassment, and they have nothing to do with any plausibly legitimate basis for redacting a document. There is no declaration from anyone at Peloton indicating what specific harm would occur if the redaction did not occur. As Echelon argues, with some relevant citations, some of the redactions concern items that have already been made public. And, when there is a proposed redaction of something that may or may not be already public, such as the $24.5 million paid to Flywheel to settle a lawsuit, the redaction is much broader than just the dollar figure. *See* D.I. 238, Amended Counterclaims, proposed redactions at page 19.

In my view, Peloton's half-hearted effort at seeking redactions constitutes a complete failure to justify any redactions at all. My initial inclination was simply to declare Peloton to have waived the issue. But it is also possible that both parties understood my preference for short submissions and thought one-page letters were sufficient.

Thus, unless Peloton makes a further submission, with one or more declarations from Peloton personnel (i.e., not Peloton's outside counsel) explaining specifically the harm that each redaction will cause and that the substance of the redaction is not already in the public record, the

disputed pleading will be fully unsealed. Peloton has until Wednesday, January 12, 2022, to make such a submission. Any response from Echelon is due January 19.

The letters at D.I. 238 & D.I. 239 (but not the attached Exhibits 1 & 2) are UNSEALED.

IT IS SO ORDERED this ___ day of January 2022.

/s/ Richard G. Andrews
United States District Judge